UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MDS INC. and MDS PHARMA SERVICES (US) INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 1:07-cv-0455-SEB-JMS |
| COVANCE INC. and NIGEL BROWN, | ) ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS'**
**MOTION TO TRANSFER VENUE**

**I.   INTRODUCTION**

On May 18, 2007, pursuant to 28 U.S.C. § 1404(a), Plaintiffs MDS Inc. and MDS Pharma Services (U.S.) Inc. ("Plaintiffs") moved to transfer venue to the District of New Jersey. Plaintiffs' request is extraordinary, considering that Plaintiffs initiated their lawsuit in this Court, and now, after approximately two months of active litigation, would like to pursue their case in New Jersey. This is not a situation where the Plaintiffs mistakenly filed this action in the wrong venue. Rather, it was a calculated decision made by Plaintiffs for their own strategic purpose.

Shortly after Plaintiffs filed this case here, Plaintiffs filed a motion to consolidate this case with a companion case, *Covance Inc. v. MDS Pharma Services, Inc. and James Dixon*, 1:07-cv-409-JDT-JMS (hereafter the "*Dixon* Litigation"), on April 12, 2007. However, it was not until the Court issued its findings in entering a temporary restraining order in the *Dixon* Litigation in Covance's favor, that Plaintiffs decided the instant case should be transferred and litigated in New Jersey. Plaintiffs seek to engage in the ultimate form of forum shopping --

choosing this Court to file the case and then after receiving a non-favorable result in the companion case, seeking a transfer to a different forum. As a matter of law, Plaintiffs cannot now seek to transfer this case to another District. Plaintiffs have expressly waived a right to challenge venue in this matter, and by their conduct, have waived venue as a matter of law. For instance, Plaintiffs on their own accord filed this case in this District and sought and obtained Defendants' assent to venue in this District.

Moreover, "in the interest of Justice," this case should remain in this District. The parties have engaged in extensive litigation to date, including the filing of two motions for judgment on the pleadings, and preparation of a case management plan. In turn, substantial time and resources have been expended by both parties in moving forward with this case. In the event the Court transfers the case, Defendants will be prejudiced. The parties will likely have to repeat the pretrial process, resulting in additional needless expense to the parties -- all of which could be avoided if the case remains here. In addition, Defendants would need to utilize new counsel, who would need to spend considerable time and effort becoming familiar with the case -- again resulting in additional expenses to Defendants. What is more, transferring the case will result in unnecessary delay of the case. By the time this case is transferred, the parties would likely be in the midst of taking depositions and completing discovery.

## II. BACKGROUND

**A.  Covance's Successful Suit Against MDS Pharma Services (U.S.), Inc. and James Dixon**

On March 19, 2007, Covance's Vice President of Global Quality Assurance James Dixon ("Dixon") resigned his employment and accepted a position with Defendant MDS Pharma as Senior Vice President of Regulatory. (*See Covance Inc. v. MDS Pharma Services, Inc. and James Dixon*, 1:07-cv-409-JDT-JMS, Docket No. 10, Tanner Declaration ¶ 28) (hereafter the

"*Dixon* Litigation")  Upon Dixon's departure, the Company conducted a search of Dixon's laptop computer. (*Id*., Docket No. 16, Declaration of Patrick DiIorio, ¶ 3)  On or around March 21, 2007, Covance's Manager of IT Security, Patrick DiIorio ("DiIorio"), utilized software in conducting a forensic search of Dixon's laptop computer. (*Id*. at ¶ 4)  In his search, DiIorio retrieved a redline copy of an employment agreement Dixon received from MDS Pharma. (*Id*. at ¶ 5, Ex. A)  Furthermore, DiIorio discovered that on March 15, 2007, Dixon downloaded onto his hard drive a significant number of documents from Covance Central Labs' intranet site. (*Id*. at ¶¶ 6-7, Ex. B)  These documents included Covance Central Labs' SOPs ("SOPs"), considered highly confidential and proprietary information**.** ( *Id*. at ¶ 7)  Dixon began his employment with MDS Pharma on April 2, 2007. (*Id*., Docket No. 16, (Supp. Decl. Tanner, ¶ 12, Ex. A))

On March 30, 2007, Covance filed suit against MDS Pharma and Dixon alleging breach of confidentiality agreement, misappropriation of trade secrets, tortuous interference with a contract, and conversion.  On April 4, 2007, Covance filed a motion for temporary restraining order ("TRO"). (*Id*., Docket No. 15)  On April 9, 2007, the Court held a hearing on Covance's motion for TRO. (*Id*., Docket No. 37)  Upon hearing the parties' arguments, the Court granted Covance's motion, and enjoined Mr. Dixon from working in any capacity for MDS. (*Id*., Docket Nos. 37, 44)  On April 13, 2007, the Court issued a memorandum opinion elaborating on the reasons announced in open court for issuing the TRO. (*Id*., Docket No. 44)

**B.** **Plaintiffs File a Retaliatory Lawsuit Against Covance and Nigel Brown.**

Plaintiffs filed this lawsuit on April 12, 2007, challenging Defendant Covance Inc.'s ("Covance") hiring of Defendant Nigel Brown ("Brown") in May 2006. (See Docket No. 1, Complaint)  Although it was filed nearly one year after Brown joined Covance, Plaintiffs' lawsuit was filed 13 days after Covance sued Plaintiffs in Judge Tinder's Court to enforce a

noncompete agreement, for misappropriation of trade secrets, and for conversion against Plaintiffs and Dixon. Plaintiffs' five-count complaint against Brown and Covance alleges breach of contract, misappropriation of trade secrets, tortuous interference with a contractual relationship, promissory estoppel, and misrepresentation. (*Id.*)

**C.    Plaintiffs File a Motion Seeking to Consolidate the Instant Case With the *Dixon* Litigation.**

On April 12, 2007, MDS Pharma and Dixon filed a motion to consolidate, arguing that consolidation of these matters was appropriate because:

- "[t]hese actions involve common questions of law and fact." ;

- "Both actions involve the same corporate entities.";

- "the plaintiffs in both actions seek to prevent the defendants in both actions from misappropriating and using confidential, proprietary and trade secret information of the plaintiffs.

- "Any harm and/or damages resulting from the defendants' actions in each case cannot be fully evaluated without analyzing the conduct of the parties in both actions."

(*See Covance Inc. v. MDS Pharma Services, Inc. and James Dixon*, 1:07-cv-409-JDT-JMS, Docket No. 41)

**D.    MDS Withdrew Its Motion to Consolidate in the Dixon Matter and Seeks Transfer of this Case to the District of New Jersey.**

Faced with the possibility that its lawsuit against Covance and Brown was going to be litigated in a court that issued an unfavorable ruling in the *Dixon* Litigation, on May 17, 2007, MDS Pharma filed a "Motion to Withdraw Motion to Consolidate." (*See Covance Inc. v. MDS Pharma Services, Inc. and James Dixon*, 1:07-cv-409-JDT-JMS, Docket No. 70) The Court granted this motion the following day. (*Id.*, Docket No. 71)

On May 18, 2007, Plaintiffs filed a motion to transfer venue, claiming that the District of New Jersey is the more appropriate venue to litigate this matter.

### III.   ARGUMENT

**A.   As A Matter of Law, Plaintiffs Have Expressly Waived Their Right to Transfer Venue.**

This case involves an unusual and rare circumstance where the Plaintiffs -- the initiators of the suit -- seek transfer to a different venue. Federal jurisdiction in this case is founded upon diversity of citizenship. *See* 28 U.S.C. § 1332. Venue in this District was asserted by Plaintiffs pursuant to 28 U.S.C. § 1391(a). In seeking to transfer this case to the District of New Jersey, Plaintiffs rely on 28 U.S.C. § 1404(a), which provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." See *IFC Credit Corp. v. Aliano Bros. General Contractors, Inc.*, 437 F.3d 606, 608 (7th Cir. 2006), *quoting* 28 U.S.C. § 1404(a) (emphasis added); *See also Van Dusen v. Barrack,* 376 U.S. 612, 634 (1964). While Plaintiffs cite the correct statute, the application of Section 1404(a) does not support Plaintiffs' attempt to transfer.

In addressing the issue of a plaintiff's request to transfer venue, Judge Posner of the Seventh Circuit Court of Appeals noted in *Cote v. Wadel*, 796 Fed. 981, 984 (7th Cir. 1986) that "[o]rdinarly, of course, transfer is sought by the defendant rather than the plaintiff; if the plaintiff had wanted to be in another district (where the suit could have been brought) he would have brought his suit there in the first place." Judge Posner went on to say that to understand the use of the statute by plaintiffs the court must look to § 1406(a), which provides that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it decides in the interest of justice, transfer such case to any district or division in which it could have been brought." In *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962), the Supreme Court held that where the plaintiff had accidentally

filed suit in the wrong district and the statute of limitations had since run, the interest of justice required that the district court transfer the suit to the right district rather than dismiss it. In *Goldlawr*, the issue of transfer was raised because the defendants moved to dismiss the action on grounds of improper venue and lack of personal jurisdiction. In the present case, there is no such motion to dismiss and venue is proper because both parties assented to venue in this District. See *Brown v. Grimm*, 483 F.Supp. 40, 42 (N.D. Ill. 1979), aff'd, 624 F.2d 58 (7th Cir. 1980) (the purpose of transferring a case "in the interest of justice" is not served by allowing § 1406(a) to be used when a plaintiff knowingly files suit in the wrong district.).

What is more, this is not a case where Plaintiffs mistakenly filed this case in the wrong venue. *See Hapaniewski v. City of Chicago Heights,* 883 F.2d 576 (7th Cir. 1989) (a district court need not transfer a case where misfiling resulted from an obvious "mistake" growing out of a "lack of diligence," even if the statute of limitations would bar re-filing in the proper court). Rather, Plaintiffs made a deliberate and calculated decision to file the case in this District. As demonstrated in the motion to transfer, Plaintiffs clearly analyzed and strategized whether this case should be litigated in this District, and made the decision that it should. *See Covance Inc. v. MDS Pharma and Dixon*, 1:07-409-JDT-JMS, Docket No. 41)

Here, transferring this case is not "in the interest of justice." Plaintiffs have waived any right to transfer the case due to an express waiver, and by their conduct that amounted to a waiver as a matter of law.[1] *See Armstrong v. La Salle Bank, N.A.*, 2007 WL 704531, *3 (N.D. Ill. Mar. 2, 2007), quoting Manley v. Engram,* 755 F.2d 1463, 1468 (11th Cir. 1985) ("[T]he right to object to improper venue may be waived in any of several ways: by express waiver [or] by conduct amounting to waiver as a matter of law...."). Plaintiffs have expressly waived their

---

[1] Because venue is a personal right, designed for the convenience of litigants, it can be waived. *Leroy v. Great Western United Corp.,* 443 U.S. 173, 180, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979).

right to challenge venue in this matter. Plaintiffs on their own volition filed this case in this District and sought Defendants' agreement to assent to this Court's jurisdiction and venue. Plaintiffs expressly acknowledge as such in paragraph 8 of their complaint:

> Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) as Defendant Covance resides in this district, is subject to personal jurisdiction in this district, and has assented to venue in this district. In addition, Defendant Brown has assented to jurisdiction and venue in this district.

(*See* Docket No. 1, Complaint ¶ 8) In their answer, Defendants admitted to this allegation. (*See* Docket No. 10, Answer ¶ 8) Not only did Defendants assent to jurisdiction and venue in this matter, they even waived service of the summons as to Covance and Brown as requested by Plaintiffs. On April 12, 2007, in the *Dixon* Litigation, MDS Pharma, filed a motion to consolidate the Dixon case with the instant case. (*See Covance Inc. v. MDS Pharma and Dixon*, 1:07-409-JDT-JMS, Docket No. 41) Plaintiffs filed this motion by agreement with Defendants. (*Id.*) Plaintiffs' conduct in this regard clearly establishes that they have expressly waived a right to contest venue in this matter.

**B.    As A Matter of Law, Plaintiffs' Conduct Amounts to a Waiver of Their Right to Transfer Venue.**

Although this case has resided on the docket for only about two months, substantial time and resources have been expended by both parties in moving forward with this case. Notably, the parties have done the following:

- Presumably, Plaintiffs conducted a pre-filing investigation prior to the filing of their complaint (Docket No. 1);

- Defendants likewise conducted an in-depth investigation before filing their answer (Docket No. 10);

- On May 9, 2007, Defendants filed a motion for judgment on the pleadings on Plaintiffs' claims for promissory estoppel and misrepresentation (Docket Nos. 11-12);

- On May 30, 2007, Plaintiffs filed a response to Defendants' motion for judgment on the pleadings (Docket No. 22);

- On May 23, 2007, the parties filed a case management plan (Docket No. 17);

- On May 24, 2007, counsel for Plaintiffs filed a motion to appear *pro hac vice* to enter Danielle Vanderzanden, counsel from Day Pitney LLP in Boston (Docket No. 19);

- On May 30, 2007, Plaintiffs filed an opposition to Defendants' motion for judgment on the pleadings (Docket No. 22);

- Also on May 30, 2007, the parties appeared before Magistrate Judge Jane Magnus-Stinson for an initial pretrial conference (Docket No. 25);

- On June 1, 2007, Defendants filed a second motion for judgment on the pleadings seeking to dismiss Plaintiffs' breach of contract claim (Docket Nos. 27-28); and

- On June 4, 2007, counsel for Plaintiffs filed a motion to appear *pro hac vice* to enter Howard Ferner, counsel from Day Pitney LLP in Boston (Docket No. 19)

Plaintiffs have clearly continued to participate in the litigation in this District (and rightly so). Notably, Plaintiffs filed an opposition to Defendants' Rule 12(c) motion, participated in preparing a case management plan, participated in a pretrial conference with the Magistrate Judge, and entered the appearance of two additional attorneys *pro hac vice*. As such, Plaintiffs' conduct of continuing to litigate this matter in this District and to engage the Court's jurisdiction rises to the level of conduct that would act as a waiver to now argue that transfer should take place.

In the event the Court transfers the case, Defendants will be prejudiced. As noted above, the parties have incurred substantial time and expense in litigating the case to date. If the case is transferred, the parties will likely have to repeat many of the pretrial processes such as filing a case management plan. The time and expense of this can be avoided if the case remains in this

District. In addition, if the Court transfers the case, Defendants would need to utilize new counsel, who would need to spend significant time and effort becoming familiar with the case. Furthermore, transferring the case will likely result in needless delay of the case. By the time the case is transferred, assigned a judge, and the parties appear at yet another pretrial conference, discovery in this case could be well underway. As the parties notified the Magistrate Judge, the parties will serve paper discovery and depose several witnesses. As Plaintiffs note in their opening brief, the purpose of Section 1404(a) "is to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). But these goals will not be met if the case is transferred. Simply stated, the unnecessary additional expense and resulting delay in transferring the case could be avoided if it remains with this Court.

### C. Plaintiffs' Arguments Supporting Transfer Are Unavailing.

First, as shown above, the Court should never get to the issue of the convenience of the parties and witnesses in deciding whether to transfer the case because the Plaintiffs have as a matter of law waived any rights to seek to transfer. Secondly, none of the convenience factors argued by Plaintiffs have changed since the filing of this suit. Plaintiffs argue that transfer to the District of New Jersey is appropriate because of factors such as New Jersey is where Mr. Brown worked, where the sources of proof such as documents reside, is where many of the witnesses are located, and is where the acts or omissions giving rise to Plaintiffs' suit took place. (Pls.' Br., pp. 5-7) However, Plaintiffs failed to note that at the time Plaintiffs initiated the action in this District, **the factors they list as reasons why the case should be transferred already existed.**

Finally, in their memorandum in support of motion to transfer venue, Plaintiffs cite a number of cases -- all of which involve **the defendant** seeking transfer, not the plaintiff. Indeed,

it is a rare occasion where parties such as Plaintiffs initiate a case and subsequently seek transfer. *See*, *e.g.*, *Cote v. Wadel*, 796 F.2d 981, 984 (7th Cir. 1986) ("Ordinarily, of course, transfer is sought by the defendant rather than the plaintiff."). Plaintiff is requesting extraordinary relief by moving the Court to transfer a case in which they initiated in this Court.

## IV.     CONCLUSION

For the reasons set forth above, Plaintiffs' motion to transfer venue should be denied.

Respectfully submitted,


/s/Michael A. Moffatt
Michael A. Moffatt
Craig W. Wiley

Attorney for Defendants
Covance Inc. and Nigel Brown


Michael A. Moffatt
Craig W. Wiley
LITTLER MENDELSON, P.C.
First Indiana Plaza                          Email:  *mmoffatt@littler.com*
135 North Pennsylvania Street, Suite 1500           *cwiley@littler.com*
Indianapolis, IN  46204
Tel:  317-287-3600
Fax:  317-636-0712

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of June, 2007, a copy of the foregoing *Opposition to Plaintiffs' Motion to Transfer* was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>Michael A. Blickman
>*Michael.blickman@icemiller.com*
>
>Melanie E. Harris
>*Melanie.harris@icemiller.com*
>
>Danielle Y. Vandervanden
>*dyvanderzanden@daypitney.com*
>
>Howard Ferner
>*hfetner@daypitney.com*
>
>
>                    /s/Michael A. Moffatt