IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| MDS INC. and MDS PHARMA SERVICES (US) INC., | : | CIVIL ACTION NO. 1:07-CV-0455-SEB-JMS |
| Plaintiffs, | : | |
| v. | : | |
| COVANCE INC. and NIGEL BROWN, | : | |
| Defendants. | : | JUNE 19, 2007 |

### REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO TRANSFER VENUE

Plaintiffs MDS Inc. ("MDS") and MDS Pharma Services (US) Inc. ("Pharma Services") (collectively, "Plaintiffs") respectfully submit this reply memorandum of law in further support of their motion, pursuant to 28 U.S.C. § 1404(a), to transfer the venue of this action to the United States District Court for the District of New Jersey.

### I.  PRELIMINARY STATEMENT

Defendants' brief in opposition to Plaintiffs' motion to transfer is most notable for what it lacks: Defendants do not contest any of the arguments that support Plaintiff's motion to transfer.

- They have not denied that the Southern District of Indiana no longer has any connection to this case (see Mem. of Law in Supp. of Pls.' Mot. to Transfer Venue ("Pls.' Br.") at 7, 11);

- They have not denied that a New Jersey forum would be more convenient for the parties and the witnesses (see id. at 5-9); and

- They have not denied that the interests of justice – the congestion and likely speed to trial in the transferee forum, the two courts' relative familiarity with the relevant law, the courts' efficiency interest in avoiding duplicative litigation, and the relation of each community to the controversy – weigh heavily in favor of transfer (see id. at 9-11).

Indeed, in a recently filed pleading in this action, Defendants acknowledged that "all of the alleged unlawful acts stem from Brown's employment with Covance in the State of New Jersey." (Mem. in Supp. of Defs.' Mot. for Partial J. on the Pleadings at 12.)

Instead, Defendants' opposition to Plaintiffs' transfer motion essentially amounts to two assertions, each unsupported by any authority. First, Defendants assert that, by filing a complaint in this District, Plaintiffs "expressly waived" their right to seek transfer to another venue under 28 U.S.C. § 1404(a). Second, Defendants assert that, by continuing to participate in the litigation of this case in this District, Plaintiffs "waived as a matter of law" their right to seek transfer to another venue under section 1404(a). Both of these assertions are foreclosed by common sense and well-established case law. Plaintiffs have not waived their right to seek transfer, and transfer would not prejudice Defendants in any way.

## II.  ARGUMENT

As Plaintiffs explained in their opening brief, they have moved to transfer – despite having filed their Complaint in this District – because the circumstances have changed radically since they filed the Complaint. While plaintiffs' motions to transfer are undoubtedly less common than defendants', the Seventh Circuit recognizes that, as here, changed circumstances may spur plaintiffs' legitimate transfer motions.

> Of course ordinarily a plaintiff, having chosen the forum for his suit, does not turn around and seek a change of forum. But circumstances may alter, and a plaintiff who decides that the forum in which he has sued is inconvenient after all can ask the court to transfer the case to another federal district, or to another division of the district in which he sued.

Salton, Inc. v. Philips Domestic Appliances & Personal Care B.V., 391 F.3d 871, 876 (7th Cir. 2004). Here, the changed circumstance is clear (and uncontested by Defendants). Whereas this case once was likely to be consolidated with Covance Inc. v. James Dixon et al., No. 1:07-cv-0409-JDT-JMS (S.D. Ind.), because the two cases involved the same corporate parties and

common questions of law and fact, that is no longer the case. James Dixon no longer works for Pharma Services, and the Dixon case is likely to be dismissed as to Pharma Services. In fact, on May 18, 2007, Judge Tinder granted Pharma Services' motion to withdraw its motion to consolidate the two cases, ordering the motion to consolidate withdrawn. (Covance Inc. v. James Dixon et al., No. 1:07-cv-0409-JDT-JMS, Order, 5/18/07.) Defendants' observation that none of the facts making New Jersey a more convenient forum have changed since Plaintiffs filed their Complaint (Mem. in Opp'n to Pls.' Mot. to Transfer Venue ("Defs.' Br.") at 9) misses the point: it is Indiana's inconvenience, not New Jersey's convenience, that has changed. The Dixon case was this case's only connection to the Southern District of Indiana; now that the two cases will not be consolidated, this case has no connection whatsoever to this District.[1]

Particularly now that the Southern District of Indiana has no connection whatsoever to this case, the District of New Jersey is undeniably a more convenient forum for all parties and all witnesses, and transfer would be in the interest of justice. As Plaintiffs explained in their opening brief, and Defendants have failed to contest:

- none of the parties reside in Indiana (Pls.' Br. at 5);
- none of the relevant events occurred in Indiana (id. at 5, 7);
- both Defendants reside in New Jersey (id.);
- many of the events giving rise to Plaintiffs' claims occurred in New Jersey (id. at 5-6);

---

[1] Defendants' suggestion that Plaintiffs' transfer motion amounts to "forum shopping" is both unfounded and illogical. Defendants suggest, with no supporting evidence, that Plaintiffs have moved to transfer this case to New Jersey because they "receiv[ed] a non-favorable result in the companion [Dixon] case." (Defs.' Br. at 1-2.) As the recent order withdrawing Pharma Services' motion to consolidate this case with the Dixon case demonstrates, the two cases no longer are "companions," and a "non-favorable result" in the Dixon case would have no bearing on this case; indeed, the *lack* of any connection between the two cases is what spurred Plaintiffs' transfer motion. In any event, because Pharma Services is a plaintiff in this action, to the extent the TRO in the Dixon case says anything about this Court's willingness to enjoin violations of non-competition agreements, that would only *benefit* Plaintiffs in this action.

-3-

- Defendants' witnesses are located in New Jersey (id. at 7);

- Defendants' relevant documents are located in New Jersey (id.);

- Pharma Services' principal place of business is in southeastern Pennsylvania, near New Jersey (id.);

- Plaintiffs' witnesses are located in southeastern Pennsylvania, near New Jersey (id. at 7-8);

- Plaintiffs' relevant documents are located in southeastern Pennsylvania, near New Jersey (id. at 8);

- the court docket in the District of New Jersey is less congested than the court docket in the Southern District of Indiana (id. at 9, Ex. C);

- New Jersey law will govern most of Plaintiffs' claims (id. at 10-11); and

- New Jersey has a much stronger relation to this controversy than does Indiana (id. at 11).

In short, now that this case will not be consolidated with the Dixon case, the District of New Jersey would be a much more convenient forum than the Southern District of Indiana, and transfer would be in the interest of justice.

Defendants' only convenience-related argument is that transfer would require them to "utilize new counsel" (Defs.' Br. at 9), but the convenience of counsel is irrelevant to a section 1404(a) motion. Section 1404(a) addresses the convenience of parties and witnesses and the interest of justice; the convenience of counsel and the possible need to hire local counsel are not considered on a section 1404(a) motion. See Chicago, Rock Island & Pac. R. Co. v. Igoe, 220 F.2d 299, 304 (7th Cir. 1955); Timebase Pty Ltd. v. Thomson Corp., No. 07 C 460, 2007 U.S. Dist. LEXIS 17093, at *7 (N.D. Ill. Mar. 9, 2007); Riviera Fin. v. Trucking Servs., Inc., 904 F. Supp. 837, 840 n.7 (N.D. Ill. 1995) ("one element that Congress did *not* choose to insert into the [section 1404(a)] balancing equation was 'convenience of counsel'"). In any event, Defendants' counsel has an office in Newark, New Jersey, so Defendants will not in fact have to utilize new counsel if this case is transferred to the District of New Jersey. See Littler Mendelson Offices,

-4-

Newark (visited June 19, 2007) <http://www.littler.com/offices/index.cfm?event=detail&childViewID=306>.

In lieu of any challenge to the superiority of a New Jersey forum, Defendants contend – with no supporting authority – that Plaintiffs have "waived" their right to move to transfer under section 1404(a), merely by filing their Complaint in the Southern District of Indiana and continuing to litigate the case in this District until now. (Defs.' Br. at 2, 5, 6, 7, 9.) Defendants' waiver arguments are easily rebutted. If, as Defendants suggest, a plaintiff waived its right to move to transfer merely by filing a complaint, then no plaintiff would ever be able to move to transfer. Yet the plain language of section 1404(a), as well as longstanding Seventh Circuit precedent, establishes beyond any doubt that plaintiffs, as well as defendants, may move to transfer venue. See 28 U.S.C. § 1404(a) (making no distinction between plaintiffs' and defendants' ability to move to transfer venue); Salton, Inc., 391 F.3d at 876 ("a plaintiff who decides that the forum in which he has sued is inconvenient after all can ask the court to transfer the case to another federal district"); Barron v. Ford Motor Co. of Can., 865 F.2d 195, 197 (7th Cir. 1992) (noting that district court granted plaintiff's motion to transfer); Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986) ("A plaintiff, as well as a defendant, may move for transfer of venue under § 1404(a)."). Defendants have cited no authority for the contrary proposition that a plaintiff waives its right to seek transfer merely by filing a complaint.

Nor does any authority support Defendants' contention that Plaintiffs waived their right to seek transfer by participating in the litigation of this case. (Defs.' Br. at 7-9.) As an initial matter, Plaintiffs do not understand Defendants' argument – do they mean to suggest that Plaintiffs should not have "continued to participate in the litigation" after moving to transfer? (Defs.' Br. at 8.) To preserve its right to bring a section 1404(a) motion, must a party default on

all other motions and deadlines?  Defendants do not contend that Plaintiffs delayed in moving to transfer.  Indeed, Plaintiffs did not delay.  Defendants acknowledge that this case is only "about two months" old (Defs.' Br. at 7), and Plaintiffs moved to transfer promptly after the change in circumstances – Pharma Services' termination of James Dixon, the elimination of any reason to consolidate this case with the Dixon case, and the corresponding elimination of this case's sole link to the Southern District of Indiana – that gave rise to the motion to transfer.  In any event, the argument that "litigation has progressed too far" for a plaintiff to seek a change of venue "is not a factor preventing transfer."  Farmer Bros. Co. v. Coca-Cola Co., 366 F. Supp. 725, 727 (S.D. Tex. 1973).

While Defendants suggest that every action that the parties and their counsel have performed in connection with this litigation amounts to a waiver of Plaintiffs' right to move for transfer and somehow means that transfer would prejudice Defendants (Defs.' Br. at 7-9), they fail to explain why.  Of the ten actions that Defendants cite, the only ones that will have to be repeated if the case is transferred consist of Plaintiffs' counsel's motions for admission *pro hac vice*, and Defendants lack standing to complain about whatever minimal burden that might impose upon Plaintiffs.  (See id. at 7-8.)  Moreover, seven of the ten actions that Defendants cite occurred *after* Plaintiffs moved to transfer – surely Plaintiffs did not waive their right to seek transfer by continuing to participate in the litigation after they already had moved to transfer.  (Id.)[2]  The other three actions that Defendants cite – Plaintiffs' and Defendants' pre-filing

---

[2] Defendants suggest that Plaintiffs waived their right to seek transfer by participating in this Court's May 30, 2007 pretrial conference (Defs.' Br. at 8), even though Plaintiffs had already moved to transfer on May 18 and moved to stay the May 30 conference pending the resolution of their transfer motion.  (See Pls.' Mot. to Stay Pretrial Conference Pending Resolution of Pls.' Mot. to Transfer Venue.)  Defendants also suggest that they would be prejudiced if they had to attend a second pretrial conference in the event of transfer (Defs.' Br. at 8-9), even though they opposed Plaintiffs' motion to stay the pretrial conference, which was designed to prevent that very possibility.  (See Opp'n to Pls.' Mot. to Stay Pretrial Conference.)

investigations and Defendants' first motion for judgment on the pleadings – occurred before the changed circumstances that gave rise to Plaintiffs' transfer motion, and certainly would not have to be repeated in the event of transfer.  (Id. at 7.)

Simply stated, transfer would not prejudice Defendants.  If the case is transferred, Defendants' pending motions for partial judgment on the pleadings – one of which was filed *after* Plaintiffs moved to transfer – will be transferred along with it, requiring no duplication of work.  See, e.g., Howard v. Viking Ranches, Inc., No. 86 C 9830, 1987 U.S. Dist. LEXIS 8289, at *1 (N.D. Ill. Sept. 9, 1987) (transferring case pursuant to section 1404(a) and reserving rulings on pending motions for transferee court).  Indeed, if the case is transferred, the parties likely will not have to repeat *any* pretrial proceedings.  The only action that Defendants have contended they would have to repeat is "filing a case management plan" (Defs.' Br. at 8), but they have not explained why the existing case management plan could not be transferred to the District of New Jersey.  In any event, filing a new case management plan would be only a minor inconvenience at most, not nearly sufficient to defeat transfer – otherwise, no case would ever be transferred.

Similarly, transfer would not delay the case.  Defendants contend that transfer would cause "needless delay," apparently because "[b]y the time the case is transferred, assigned a judge, and the parties appear at yet another pretrial conference, discovery in this case could be well underway."  (Defs.' Br. at 9.)  But Defendants do not explain why transfer would cause any delay at all – as Defendants themselves argued in opposing Plaintiffs' motion to stay the pretrial conference, discovery may proceed while the transfer motion is pending (Opp'n to Pls.' Mot. to Stay Pretrial Conference at 2), and it may continue post-transfer with no interruption and no duplication of effort.  If the case is transferred after discovery has begun, the discovery that will

have been conducted at that time need not be repeated. In any event, none of the parties has yet served any discovery requests, so this concern is purely hypothetical.[3]

Undisputedly, the Southern District of Indiana no longer has any connection whatsoever to this case, the District of New Jersey would provide a more convenient forum for the parties and witnesses, and transfer to the District of New Jersey would be in the interest of justice. Contrary to Defendants' unsupported assertions, Plaintiffs have not waived their right to seek transfer under section 1404(a), and transfer would not prejudice Defendants.

---

[3] Defendants' remaining arguments merely attack a series of straw men. For example, Defendants argue that "venue is proper" in the Southern District of Indiana (Defs.' Br. at 6), but Plaintiffs obviously do not disagree – indeed, a case may be transferred under section 1404(a) *only* if venue exists in the original forum. See, e.g., Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995) ("Section 1404(a) provides for transfer of a case where both the original and the requested venue are proper."). (Thus, Defendants' arguments that "the right to object to improper venue may be waived" (Defs.' Br. at 6) and that "Plaintiffs have expressly waived their right to challenge venue in this matter" (id. at 6-7) are non sequiturs, as Plaintiffs have not challenged the propriety of this Court's venue.) Defendants argue that Plaintiffs did not "mistakenly file[] this case in the wrong venue" (id. at 6), but Plaintiffs have not contended that there was any mistake, nor, to reiterate, have they contended that venue is "wrong." Finally, Defendants argue that, at the time Plaintiffs filed their Complaint, they thought this case should be litigated in the Southern District of Indiana (id.), but, as discussed above, material changes in circumstances have obliterated all of this case's connection to this District.

### III. **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court transfer this action to the United States District Court for the District of New Jersey.

        PLAINTIFFS MDS INC. and MDS PHARMA SERVICES (US) INC.
        By their attorneys,

        /s/ Howard Fetner
        Michael A. Blickman
        Melanie E. Harris
        ICE MILLER LLP
        One American Square
        Suite 3100
        Indianapolis, IN 46282
        Melanie.harris@icemiller.com
        Michael.blickman@icemiller.com

        Danielle Y. Vanderzanden (admitted *pro hac vice*)
        Howard Fetner (admitted *pro hac vice*)
        Day Pitney LLP
        One International Place
        Boston, MA 02110
        dyvanderzanden@daypitney.com
        hfetner@daypitney.com

### **CERTIFICATION**

I hereby certify that on this 19th day of June, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties my access this filing through the Court's system.

    Michael A. Moffatt
    Craig W. Wiley
    LITTLER MENDELSON, P.C.
    First Indiana Plaza
    135 North Pennsylvania Street, Suite 1500
    Indianapolis, IN 46204

        /s/ Howard Fetner
        Howard Fetner