UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MDS INC. et al, ) | | |
|       Plaintiff, ) | | |
| ) | | |
|   vs. ) | 1:07-cv-0455-SEB-JMS | |
| ) | | |
| COVANCE INC. et al, ) | | |
|       Defendant. ) | | |

### ENTRY ON PLAINTIFFS' MOTION TO TRANSFER VENUE

This matter comes before the Court on Plaintiffs' Motion to Transfer Venue. The matter is fully briefed, and being duly advised, the Court now **GRANTS** the Plaintiffs' motion, for the reasons set forth below.

### Background

On March 30, 2007, in a related matter, Covance Inc. filed suit against MDS Pharma and James Dixon, former Vice President of Global Quality Assurance for Covance.  (*See Covance Inc. v. MDS Pharma Services, Inc. and James Dixon*, 1:07-cv-409-JDT-JMS) (hereinafter the "Dixon Litigation").  In that matter, on April 9, 2007, the Court granted Covance's motion for a temporary restraining order, and enjoined Mr. Dixon from working in any capacity for MDS. (*Id.*, Docket Nos. 37, 44).  Thereafter, on April 12, 2007, MDS and MDS Pharma Services (hereinafter "Plaintiffs") filed this lawsuit against Covance and Nigel Brown, who was formerly employed with Plaintiffs in a high level position, and left the company in May 2006 to work for Covance.  The Plaintiffs chose to file in this judicial district, and obtained Defendants' consent to jurisdiction and venue in this district.  On that same date, in the Dixon Litigation, Plaintiffs filed a motion to consolidate this matter with the Dixon Litigation.  However, on April 18, 2007,

Dixon ceased to be an employee of Plaintiffs, a settlement was reached and the Dixon Litigation is scheduled to be dismissed. Consequently, Plaintiffs withdrew their motion to consolidate this matter with the Dixon Litigation on May 17, 2007, and filed this motion the following day.

**Motion to Transfer**

Plaintiffs seek to transfer this matter to the United States District Court for the District of New Jersey, arguing that for the convenience of the parties and witnesses and in the interest of justice, their motion should be granted. Defendants respond that the Plaintiffs have expressly and impliedly waived their right to transfer venue. Further, Defendants assert Plaintiffs arguments regarding the convenience of the parties and witnesses are unavailing, given that the factors cited by Plaintiffs existed at the time Plaintiffs made their conscious and strategic decision to file suit in this district. Defendants also claim they will be prejudiced and the case will be delayed, if Plaintiffs' motion is granted. Plaintiffs reply that the circumstances have changed since their complaint was filed, justifying a transfer to a more convenient forum for the parties, and in the interest of justice. Plaintiffs further respond that Defendants will not suffer any prejudice and a transfer will not delay the case. The parties' arguments discussed in more detail below.

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *28 U.S.C. § 1404(a)*. These three factors - convenience of the parties, convenience of the witnesses, and the interest of justice - are to be examined in deciding a motion to transfer pursuant to §1404(a). *State Farm Mut. Auto Ins. Co. v. Estate of Bussell,* 939 F.Supp. 646, 651 (S.D.Ind. 1996). The Court must consider the §1404(a) statutory factors in light of all of the

circumstances of the case.  *Id., citing Christopher v. American News Co.,* 176 F.2d 11 (7th Cir. 1949).  Either the plaintiff or the defendant may move for transfer of venue pursuant to §1404(a).  *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219 (7th Cir. 1986)(citations omitted).

"When evaluating the convenience of the parties and witnesses, the court should consider: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses, and (5) the convenience to the parties of litigating in the respective forums."  *CMG Worldwide, Inc. v. Bradford Licensing Assocs.,* 2005 U.S. Dist. LEXIS 42493, at *11 (S.D. Ind. Mar. 23, 2005).  In determining whether the interests of justice support transfer, the Court considers four factors: "(1) the congestion and likely speed to trial in the transferee forum; (2) courts' relative familiarity with the relevant law; (3) the courts' efficiency interest in avoiding duplicative litigation; and (4) the relation of each community to the controversy at issue."  *Id.* at *14-15.

In examining the Plaintiffs' choice of forum, it is clear their choice was based upon the existence of a case in this forum, the Dixon Litigation, involving substantially the same parties.  However, as Plaintiffs point out, the circumstances have changed and their participation in the Dixon Litigation is coming to an end.  "[C]ircumstances may alter, and a plaintiff who decides that the forum in which he has sued is inconvenient after all can ask the court to transfer the case to another federal district, or to another division of the district in which he sued."  *Salton, Inc. v. Phillips Domestic Appliances & Pers. Care B.V.,* 391 F.3d 871, 876 (7th Cir. 1992)(citations omitted).

In examining the remainder of the factors cited above, the Court accepts Plaintiffs' assertions (uncontested by Defendants) that: (1) none of the parties reside in Indiana; (2) none of the relevant events occurred in Indiana; (3) both Defendants reside in New Jersey; (4) many of

the events giving rise to Plaintiffs' claims occurred in New Jersey; (5) Defendants' witnesses are located in New Jersey; (6) Defendants' relevant documents are located in New Jersey; (7) Pharma Services principal place of business is in southeastern Pennsylvania, near New Jersey; (8) Plaintiffs' witnesses are located in southeastern Pennsylvania, near New Jersey; (9) Plaintiffs' relevant documents are located in southeastern Pennsylvania, near New Jersey; (10) the court docket in the District of New Jersey is less congested than the court docket in the Southern District of Indiana; (11) New Jersey law will govern most of Plaintiffs' claims; and (12) New Jersey has a much stronger relationship to this controversy than does Indiana.

Defendants correctly observe that these factors existed at the time Plaintiffs initiated this action in this jurisdiction, and thus they contend should be unpersuasive to the Court. However, as noted, Plaintiffs' reason for filing in this district was because the Dixon Litigation was already pending here. That litigation is now coming to an end (as counsel to this case well know, the previously filed Dixon Litigation has settled.). Consequently, the initial convenience of litigating both cases in this district has now become inconvenient. As the *Salton* decision makes clear, a plaintiff may decide the forum in which he sued is inconvenient after all, and seek transfer. *Id.* In light of the factors cited above, which we view as altogether convincing, the Court concludes that the convenience of the parties and witnesses and the interest of justice are best served by transferring the case to New Jersey.

Defendants argue, however, that Plaintiffs have expressly waived their right to transfer by filing this matter in this jurisdiction of their own volition after seeking Defendants' agreement to assent to this Court's jurisdiction and venue. Defendants further claim that Plaintiffs' conduct amounts to a waiver of their right to transfer venue. Specifically, Defendants cite Plaintiffs participation in this lawsuit, including preparing a case management plan, attending

a pre-trial conference, and filing or responding to various motions.  Defendants assert, without any support, that "Plaintiffs' conduct of continuing to litigate this matter in this District and to engage the Court's jurisdiction rises to the level of conduct that would act as a waiver to now argue that transfer should take place." (Defendants Response, pg. 8).  However, as Plaintiffs point out, much of the "participation" in this lawsuit occurred *after* the filing of this motion to transfer.  Moreover, such actions took place at the Court's instigation.   Surely Defendants do not mean to suggest that while this motion was pending, Plaintiffs should have failed to obey the Court's orders to appear for pre-trial conferences,  to respond to Defendants' Motion for Judgment on the Pleadings, or to file motions for its attorneys to appear *pro hac vice*?  Such actions on the part of Plaintiffs do not rise to the level of conduct that would constitute a waiver of their right to seek transfer.  Further, Defendants provide no precedential support for their assertions.

Additionally, Defendants claim they will be prejudiced if the Court grants the motion to transfer because "the parties will likely have to repeat many of the pretrial processes such as filing a case management plan," and they will have to utilize new counsel, who will need to spend time becoming familiar with the case. (Defendants' Response, pg. 8-9).  As to repeating pretrial processes, this court has complete confidence in the ability of the District Court in New Jersey to efficiently manage the case.  This litigation is a mere two months old and neither party has undertaken any discovery to date.  Presumably, counsel could suggest to the New Jersey court that it adopt the Case Management Plan already agreed to by the parties.

Inconvenience to counsel is not a proper consideration for the Court.  Section 1404(a) addresses the convenience of parties and witnesses and the interest of justice; the convenience of counsel and the possible need to hire local counsel are not included in a section 1404(a)

analysis. *See Chicago, Rock Island & Pac. R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955); *Timebase Pty Ltd. v. Thomson Corp.*, No. 07 C 460, 2007 U.S. Dist. LEXIS 17093, at *7 (N.D. Ill. Mar. 9, 2007); *Riviera Fin. v. Trucking Servs., Inc.*, 904 F. Supp. 837, 840 n.7 (N.D. Ill. 1995) ("one element that Congress did not choose to insert into the [section 1404(a)] balancing equation was 'convenience of counsel'"). In any event, Defendants' counsel has an office in Newark, New Jersey, thus freeing Defendants from having to engage new counsel when this case is transferred to the District of New Jersey.

Defendants also argue that transfer will cause needless delay in that "[b]y the time the case is transferred, assigned a judge, and the parties appear at yet another pretrial conference, discovery in this case could be well underway." (Defendants Response, pg. 9). No impediment exists that would prevent discovery from proceeding, despite this transfer, as Plaintiffs suggest, and as Defendants argued in their opposition to Plaintiffs' May 24, 2007 Motion to Stay Pretrial Conference Pending Resolution of Plaintiffs Motion to Transfer Venue (Defendants Response, pg. 2, Docket #20).

---

Accordingly, the Court now **GRANTS** the Plaintiffs Motion to Transfer Venue, and **ORDERS** this matter transferred to the United States District Court for the District of New Jersey.

**SO ORDERED.**

Date: 07/02/2007

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:[1]


Michael A. Blickman
ICE MILLER LLP
michael.blickman@icemiller.com

Howard  Fetner
DAY PITNEY LLP
hfetner@daypitney.com

Melanie E. Harris
ICE MILLER LLP
melanie.harris@icemiller.com

Michael A. Moffatt
LITTLER MENDELSON, P.C.
mmoffatt@littler.com

Danielle Y. Vanderzaden
DAY PITNEY LLP
One International Place
Boston, MA 02110

Craig Warner Wiley
LITTLER MENDELSON PC
cwiley@littler.com

---

[1]Please note that the court will not mail copies of this entry to those attorneys of record who have not provided their email address to the court.  As of September 1, 2004, the failure to register for the court's electronic filing system constitutes a violation of Local Rule 5.7(b).  It is the responsibility of co-counsel who are registered to ensure that the entry is distributed to all non-registered counsel, and registered co-counsel also should urge all counsel to comply with the local rule and register to use the court's electronic filing system so that they may receive notice of future entries from the court by email.  Information on how to register may be found on the court's website at http://www.insd.uscourts.gov/ecf_info.htm.